IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| JACKIE E. MURRAY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | 3:05-CV-374-B |
| ) | [WO] |
| CITY OF OPELIKA AND GARY FULLER ) | |
| AS MAYOR OF OPELIKA, AL., ) | |
| ) | |
| Defendants. ) | |

**<u>MEMORANDUM OPINION AND ORDER ON MOTION</u>**

After due consideration of supporting and opposing submissions, the court concludes that the Defendants' *Motion to Dismiss* (Doc. 4, May 25, 2005) the Complaint filed on April 22, 2005, should be granted.

### <u>I.</u>

### BACKGROUND

**A.     <u>The Complaint</u>**

Jackie E. Murray ("Murray"), a resident-citizen of Opelika, brings this action against the "City of Opelika, Alabama and Gary Fuller as Mayor..."(collectively, "Defendants"). The sole basis claimed for federal jurisdiction is Murray's "assert[ed] violation of ...equal protection rights as guaranteed by the Fourteenth Amendment of the United States Constitution." As factual support for her constitutional claim, she represents only the following:

> The City of Opelika owns and operates a cemetery known as Garden Hills Cemetery. This cemetery is maintained by the City with public funds.
>
> The City of Opelika has adopted certain rules and regulations related to the cemetery

plots located within Garden Hills Cemetery. Among those rules and regulations is the following: *"No. 8. No monument allowed on single grave lot.* (Applies to Evergreen and Garden Hills Cemeteries)."

The Mayor of Opelika has supported and adopted this rule.

Upon the death of her former husband Ms. Murray had him buried at Garden Hills Cemetery and sought to place a monument on his grave. However, she was denied the right to place a monument on his grave because it is a single grave."[1]

The City's policy, Murray contends, is "violative of the equal protection clause of the Fourteenth Amendment . . . in that it unfairly and unjustly discriminates against citizens on the basis of marital status:"

> The rule not allowing a monument on a single grave would require a single person to either share a headstone with another person or to forego having a monument placed on their loved one's grave.
>
> There is no compelling interest on the part of the City to have such a rule and thusly, the discrimination is unjustified and unlawful.[2]

Murray seeks from this court not only compensatory and punitive damages, attorney fees and costs but also "an order directing the City of Opelika to repeal its discriminatory rule and to allow the placing of monuments on single graves."[3]

   **B.     *Dismissal Motion***

Contending that the Complaint "fails to state a claim entitling plaintiff to relief, [and] [t]he allegations fail to rise to the level of constitutional deprivation", Defendants argue:

> The contested rule clearly applies to everyone married or non married and does not discriminate on the basis of marital status. The term "single" does not refer to the

---

[1] Compl. ¶¶ 4-8.

[2] Compl. ¶¶ 10-12.

[3] Compl. at 4.

2

marital status of the deceased; but instead to one lot.[4]

Defendants challenge both the jurisdictional propriety of this direct action under the Constitution and Murray's standing absent any allegation "that she is single [or] a member of the alleged protected group." The City asserts its immunity from punitive damages while Mayor Fuller, sued only in his official capacity, claims an entitlement to dismissal for that reason.[5]

## II.

### DISCUSSION

####    A.    Standard of Review

A Rule 12(b)(6) motion challenges the legal sufficiency of a complaint, and dismissal should be granted under this rule only if the movant demonstrates "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *accord, Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984); *Hughes v. Rowe*, 449 U.S. 5, 10 (1980); *Fuller v. Johannessen*, 76 F.3d 347, 349-350 (11th Cir. 1996). For the threshold review presented by a Rule 12(b)(6) motion, "[t]he issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." *Scheur v. Rhodes*, 416 U.S. 232, 236 (1974); *accord, Swierkiewicz v. Sorema, N.A.*, 515 U.S. 506, 515 (2002) ("Rule 8(a) establishes a pleading standard without regard to whether a claim will succeed on the merits"); *Brandt v. Bassett*, 69 F.3d 1539, 1550 (11th Cir. 1995).

The court must accept as true the plaintiff's factual allegations, draw all reasonable

---

[4]*Mot. to Dismiss* at ¶¶ 1-3.

[5]*Mot. to Dismiss* at ¶¶ 4-7 (citations omitted). Murray concedes Mayor Fuller's asserted basis for dismissal. *See Pl.'s Resp.* at ¶ 4.

inferences in the plaintiff's favor, and construe the pleadings liberally so as to do substantial justice. *Conley v. Gibson,* 355 U.S. at 48; *Hishon v. King & Spalding*, *id.*; *Fuller v. Johannessen*, 76 F.3d 3437, 349-350 (11th Cir. 1996); *Fed.R.Civ.P.* 8(f). Because Rule 8 requires only "notice" pleading, the plaintiff need not detail all relevant facts but must "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Conley,* 355 U. S. at 47.

### B. Analysis

Because the existence *vel non* of federal jurisdiction is always a threshold consideration, the court examines initially Defendants' challenge to Murray's assertion of an action directly under the Constitution. Highlighting Defendants' failure to cite any Eleventh Circuit authority for this challenge[6], Murray responds by urging the court either to construe her complaint as an action under *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971) *or* to allow an amendment to assert jurisdiction under 42 U.S.C. §1983 ("Section 1983").[7] This case does not present a *Bivens* claim[8], and Section 1983 provides Murray with an alternative remedy

---

[6] Defendants cite *Thomas v. Spika*, 818 F.2d 496, 499 (6th Cir. 1987) and *Henderson v. Corrections Corporations of America*, 918 F.Supp. 204 (E.D. Tenn. 1996).

[7] *See Pl.'s Resp*. at ¶3. Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

[8] As explained recently in *Hardison v. Cohen*, 375 F.3d 1262, 1264 (2004):

> *Bivens* provides a cause of action against a federal agent who, while acting under the color of federal law, has violated the constitutional rights of an
> (continued...)

for any viable claim of a constitutional violation "under color of state law."[9]

Allowing an amendment to ground this complaint jurisdictionally under Section 1983 and to allege Murray's status as a single person would be a futility, however, because Murray's claim fails to assert a violation of the Fourteenth Amendment's equal protection clause, and she cannot prove any set of facts which would entitle her to the relief requested. Murray claims to be constitutionally aggrieved because the defendant City's published policy barring monuments on a "single grave lot" in a city-owned cemetery thwarts her desire to erect a monument on her husband's grave.[10] In response to Defendants' contention that "the contested rule ...applies equally to married and single people", Murray argues:

> They go on to contend that the term "single" in the rule applies to burial plots and not to marital status. However, it is the "application" of the rule that matters. Single persons generally do not buy two burial plots. And since they buy only one plot they are not able to place a headstone in the same fashion as a married couple that buys

---

[8](...continued)
individual. 403 U.S. 388, 397. *Bivens* actions are brought directly under the Constitution, without a statute providing a right of action. *Bivens* involved alleged violations of the Fourth Amendment, but the court has also allowed *Bivens* actions for violations of the Due Process Clause of the Fifth Amendment (citation omitted) and the prohibition of cruel and unusual punishment under the Eighth Amendment (citation omitted). Damages can be obtained in a *Bivens* action when (1) the plaintiff has no alternative means of obtaining redress and (2) no "special factors counseling hesitation" are present. *Stephens v. Dep't of Health & Hum. Servs.*, 901 F.2d 1571, 1575-76 (11th Cir. 1990), *cert. denied*, 498 U.S. 998 (1990).

[9]*See Monell v. Department of Social Services of City of New York*, 436 U.S. 658 (1978) (holding that municipalities can be directly liable under Section 1983); *Williams v. Bennett*, 689 F.2d 1370, 1390 (11th Cir. 1982) ("When Congress has provided an adequate alternative remedial scheme, which is intended to be a substitute for direct recovery under the constitution, a *Bivens*-type action is inappropriate."), citing *Carlson v. Green*, 446 U.S. 14, 18-19 (1980), *Davis v. Passman*, 442 U.S. 228, 245 (1979), and *Bivens*, 403 U.S. at 397.

[10]The Complaint is silent with respect to when the City enacted its policy and when Murray sought to place a monument on her husband's grave.

two plots.[11]

This argument and Murray's assertion of a "right" to place a monument on her husband's grave underscore a fundamentally flawed analysis of the Equal Protection Clause. To vindicate under Section 1983 the Fourteenth Amendment's mandate that "[n]o state...deny to any person within its jurisdiction the equal protection of the laws,"[12] the plaintiff must allege the deprivation of a substantive or procedural right which is federally secured. Because Section 1983 is purely a remedial statute,[13] if Murray utilizes it as the jurisdictional basis for a constitutional cause of action, the action must be grounded on some otherwise defined federal right to equal protection of the laws. Murray concedes that the City's policy is not unconstitutional facially but insists that its application deprives single persons – who "generally do not buy two burial plots" – of a right enjoyed by married persons. Even if Murray can prove her documented assertion about purchases of burial plots by single persons, this fact ignores the proper analytical focus for the constitutional claim: whether the policy itself – which, indisputably on this motion, does not differentiate based on marital status – implicates any constitutional right. No federal statute or constitutional provision guarantees a "right" to erect a monument on a grave site in a city-owned cemetery or any right to equal protection of the laws with respect to the policies governing the erection of headstone monuments in city-owned cemeteries. Murray's complaint, therefore, cannot proceed as an amended Section 1983 action, and it is due to be dismissed.

---

[11]*Pl.'s Resp.* at ¶ 1.

[12]U.S. CONST. amend XIV, § 3.

[13]*See Graham v. Connor*, 490 U.S. 386, 393-94 (1989) ("§ 1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights elsewhere conferred").

## III.

## CONCLUSION

For the reasons stated, it is

**ORDERED** that Defendants' *Motion to Dismiss* (Doc.4) is **GRANTED** to the extent that it seeks dismissal of Defendant Mayor Gary Fuller because he is sued only in his official capacity. It is further

**ORDERED** that Defendants' *Motion to Dismiss* (Doc.4) is **GRANTED** to the extent that it seeks dismissal of the Defendant City of Opelika, Alabama, pursuant to Rule 12(b)(6), FED.R.CIV.P., for failure to state a constitutional claim for which relief can be granted.

A Final Judgment is entered herewith.

DONE this 10th day of August, 2005.

**/s/ Delores R. Boyd**
DELORES R. BOYD
UNITED STATES MAGISTRATE JUDGE